**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DARIEN ROWAYTON BANK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Electronically Filed |
| | : | |
| v. | : | Docket No. <u>4:22-cv-01394-MWB</u> |
| | : | |
| JACK E. McGREGOR, | : | |
| JOANNAH McGREGOR, and | : | |
| DOUGLAS H. McGREGOR, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT, DOUGLAS H. MCGREGOR'S
MOTION TO DISMISS COMPLAINT
FOR LACK OF PERSONAL JURISDICTION**

## I.    INTRODUCTION

The complaint in this case alleges fraudulent transfer and conspiracy claims primarily directed against defendant Jack E. McGregor, the father of Douglas H. McGregor.  As to Douglas McGregor, the Bank contends that he received two $7,000.00 gifts in 2020.  (<u>See</u> Complaint, at ¶48).

However, the complaint acknowledges that Douglas McGregor is a citizen of Virginia, not Pennsylvania.  Douglas McGregor's declaration further establishes that he has not resided in Pennsylvania for many years, that he has no contacts with Pennsylvania, and that he received the two alleged payments in Virginia, not Pennsylvania. (Doc. 11-1).

As a result, neither general jurisdiction nor specific jurisdiction exists with respect to Douglas McGregor, and the complaint as against him should be dismissed as a consequence.

## II.    PROCEDURAL HISTORY

On September 8, 2022, plaintiff ("the Bank") filed its complaint containing three (3) counts against defendants Jack McGregor ("Mr. McGregor"), Joannah McGregor ("Mrs. McGregor"), and Douglas McGregor ("Douglas") (Doc. 1), in the United States District Court for the Middle District of Pennsylvania.  The docket reflects that service on Douglas did not occur within Pennsylvania.  (Doc. 5).

On November 2, 2022, Mr. and Mrs. McGregor filed their answer and affirmative defenses. (Doc. 9).  Douglas filed the subject motion to dismiss (Doc. 11), based upon Federal Rule of Civil Procedure 12(b)(2), supported by his declaration.  This memorandum is filed in support of that motion.

## III.   STATEMENT OF FACTS

The Bank is a Connecticut corporation with its principal place of business in Connecticut. (See Complaint, at ¶ 2.)  The Bank alleges that it established a line of credit with Mr. McGregor in November 2007 (see Complaint, at ¶ 10), that Mr. McGregor made payments to Plaintiff for that line of credit up until "late 2016" (see Complaint, at ¶ 12), and that all payments ceased in December 2016 (see

2

Complaint, at ¶ 13). The Bank then secured a judgment against Mr. and the former Mrs. McGregor (not the defendant here) on its line of credit. (See Complaint, at ¶¶ 17-18).

On January 22, 2020, the Bank instituted the process of indexing the Connecticut judgment against Mr. McGregor in the Union County Court of Common Pleas. (See Complaint, at ¶ 22). That matter is still pending.

The essence of the Bank's claims is that Mr. McGregor transferred significant portions of his assets to his current wife and son, defendants Mrs. McGregor and Douglas, for the purpose of avoiding payments to the Bank. (See Complaint, at ¶¶ 25-55).

As to Douglas, the Bank alleges that he received monetary gifts from his father, Mr. Jack McGregor, and that he knew or should have known that the purpose of these gifts was to defraud the Bank of money it is owed. (See Complaint, at ¶¶ 50-55). Plaintiff concedes in its complaint that Douglas does not reside in the state of Pennsylvania. (See Complaint, at ¶ 6). The declaration submitted by Douglas in support this motion establishes that he does not live or work in Pennsylvania, visits Pennsylvania only occasionally, and has received no payments from his father in Pennsylvania. (See Doc. 11-1, at ¶¶ 3-6). He also has never done business in Pennsylvania. (See Doc. 11-1, at ¶ 8).

3

## IV.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to seek dismissal for lack of personal jurisdiction. Once a defendant has raised lack of personal jurisdiction as a defense, the burden of proving that jurisdiction exists in the forum state, lies with the plaintiff.  While the Court "must accept…plaintiff's allegations as true…," Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002), a plaintiff must nonetheless show "with reasonable particularity" enough contacts between the defendant and the forum to support a *prima facie* case as to the exercise of personal jurisdiction by the forum state. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1986); Mellon Bank v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992).

Hence, a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings, *i.e.*, whether *in personam* jurisdiction actually lies." See Clark v. Matsushita Elec. Indus. Co., Ltd., 811 F. Supp. 1061, 1064 (M.D. Pa. 1993) (quoting Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984)).  Here, those facts are clear and not subject to dispute.

## V.    ARGUMENT

This Court Lacks Personal Jurisdiction Over Defendant Douglas H. McGregor.

Under Rule 4(e) of the Federal Rules of Civil Procedure, this Court is permitted to exercise personal jurisdiction over an individual defendant to the

4

extent allowed under Pennsylvania law.  Pennsylvania allows the exercise of personal jurisdiction over individuals who (1) were present within the Commonwealth at the time when process is served (not true here); (2) were domiciled within this Commonwealth at the time that process is served (not true here); or (3) where consent was given by the individual (not true here). See 42 Pa. C.S. § 5301(a)(1). As it relates to individuals outside of the Commonwealth, this Court is permitted to exercise personal jurisdiction over nonresidents as permitted by the United States Constitution, see 42 Pa. C.S. § 5322(b)[1], but not beyond that scope.

Under the Due Process Clause of the Fourth Amendment, the United States has long applied the "minimum contacts" test. See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310 (1945). A plaintiff must show that a defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" See id. at 316 (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). The minimum contacts test requires satisfaction of two prongs: first, the

---

[1] "In addition to the provisions of subsection (a) the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are not within the scope of section 5301 (relating to persons) to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." See 42 Pa. C.S. § 5322(b).

Court must look at the nature of the contents with the forum, and then, second, it must consider the fairness of exercising jurisdiction over the defendant. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1984).

Once the issue of personal jurisdiction is raised, it is incumbent upon a plaintiff to show either that "the cause of action arose from the defendant's forum-related activities (specific jurisdiction) or that the defendant has 'continuous and systematic contacts' with the forum state (general jurisdiction)." See Mellon Bank (East) PSFS v. Diveronica Bros. Inc., 983 F.2d 551, 554 (3d Cir. 1993) (quoting Bane v. Netlink, Inc., 925 F.2d 637, 639 (3d Cir. 1991)). Neither specific nor general jurisdiction is present here.

### (i)  Plaintiff Cannot Show That General Jurisdiction Exists

The Bank's complaint is devoid of any express averments that Douglas McGregor has maintained the systemic and continuous contacts with Pennsylvania necessary to establish general jurisdiction. The 84-paragraph complaint as a whole does not contain a single connection or contact between Douglas and the Commonwealth of Pennsylvania.  Douglas's declaration in support of his motion confirms that there is no general jurisdiction under any application of legal principles.

**(ii) Plaintiff Cannot Show That Specific Jurisdiction Exists**

Since the Bank cannot show general jurisdiction, the analysis turns to whether specific jurisdiction exists –whether Douglas's case-related "interaction" with Pennsylvania is sufficient to establish the minimum contacts necessary to demonstrate specific jurisdiction[2]. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980) (plaintiff must show the defendant's activities with the forum state are "such that he should reasonably anticipate being hauled into court there.").

Here, the causes of action all arise from a line of credit and judgment that took place in Connecticut between plaintiff and another defendant, Mr. McGregor (and his then-wife, Mary Jane Foster). See Complaint, at ¶¶ 22-24. Douglas was not a party to that initial line of credit, was not a party to the Superior Court of Connecticut judgment proceedings[3], and is not a party to the current Union County Court of Common Pleas proceeding[4].

Similarly, the Bank does not point to any interaction between Douglas and

---

[2] "A three-prong test has emerged for determining whether the exercise of specific personal jurisdiction is appropriate: (1) the defendant must have sufficient minimum contacts with the forum state, (2) the claim asserted against the defendant must arise out of those contacts, and (3) the exercise of jurisdiction must be reasonable." See Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1122-23 (W.D. Pa. 1997).
[3] See (Doc. 1-1).
[4] See (Doc. 1-2).

Pennsylvania that establishes even a single contact that meets the minimum contacts requirement. See Complaint, at ¶¶ 1-84. On the contrary, the Bank essentially avers the lack of jurisdiction as it avers that Douglas resides in the state of Virginia. See Complaint, at ¶ 6.  Indeed, the only specific transaction alleged by the Bank –Douglas's claimed receipt of checks is not a Pennsylvania "interaction" for jurisdictional purposes, since Douglas received and negotiated those checks in Virginia, not Pennsylvania.  See Doc. 11-1, at ¶ 6.

## VI.   CONCLUSION

Plaintiff has failed to establish the requisite connection between Douglas and this forum, it cannot establish that personal jurisdiction exists as to Douglas. Consequently, plaintiff's complaint as against Douglas McGregor should be dismissed.

McCORMICK LAW FIRM

By:  /s/ J. David Smith
         J. David Smith
         PA No. 27813
         Attorney for Defendants

         835 West Fourth Street
         Williamsport, PA 17701
         (570) 326-5131
         (570) 326-5529 (fax)
         dsmith@mcclaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

McCORMICK LAW FIRM


By: *   /s/ J. David Smith*
        J. David Smith
        PA No. 27813
        Attorney for Defendants


Dated:  November 16, 2022